UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESSENTIAL VEGETATION MANAGEMENT SERVICES, LLC,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

Case No. 26-cv-09466-JSC

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

Plaintiff Essential Vegetation Management Services, LLC, a California company, alleges Defendant Bank of America unlawfully froze assets in Plaintiff's bank account pursuant to an invalid Restraining Notice issued under New York Civil Practice Law and Rules ("CLPR") § 5222. (Dkt. No. 1.)[1] Pending before the Court is Plaintiff's motion for a temporary restraining order enjoining the freeze on Plaintiff's account. (Dkt. No. 2.) Having carefully considered the parties' written submissions and having had the benefit of oral argument on September 8, 2026, the Court DENIES Plaintiff's motion. Plaintiff has not met its burden to show irreparable harm absent preliminary relief or a likelihood of success on the merits.

**DISCUSSION**

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

**I. Plaintiff has not met its burden to show irreparable harm**

Irreparable harm is "traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). As the Supreme Court has explained:

> [T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. […] The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [relief], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (cleaned up); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (holding "monetary injury is not normally considered irreparable" under *Murray* and finding a district court abused its discretion by granting a preliminary injunction when the plaintiff's only threatened injury was "lost revenues," "a diminution of revenues, a diminution of [property] value […] and the loss of substantial goodwill[.]).

Here, Plaintiff has not met its burden to show irreparable harm because the harm it alleges has an "adequate legal remedy, such as an award of damages." *Brewer*, 757 F.3d at 1068. Plaintiff's lawsuit arises from Defendant removing money from, then temporarily freezing a bank account, which can be remedied through a damages award. (Dkt. No. 1 ¶¶ 1-24.) Additionally, Plaintiff asserts it is "unable to fund its operations and performs its contractual obligations, and faces imminent default on commercial contracts, loss of business relationships and goodwill, reputational harm, and threat to the continued viability of its business." (*Id.* ¶ 25.) Without the ability to fund payroll and perform on its contracts, Plaintiff asserts it may "permanently" lose "trained employees and established crews" for its projects and may have to "suspen[d] or terminat[e]" contracts." (Dkt. No. 2 at 6-7, 10-11.) These harms, however, are monetary in nature

and can be remedied through an award of damages. *See Murray*, 415 U.S. at 89 (holding "loss of earnings" and "damage to reputation" do not "afford a basis for a finding of irreparable injury"); *Coliseum Comm'n*, 634 F.2d at 1202 (holding lost revenues and "loss of substantial goodwill" are not irreparable). Plaintiff's sole cited federal case regarding irreparable harm, *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120 (9th Cir. 2024), is inapposite because it addressed the narrow question of whether a contract's limitation on damages means a plaintiff does not have an adequate remedy at law. *See id.* at 1129–30. Therefore, Plaintiff has not met its burden to show it will suffer irreparable harm in the absence of preliminary relief.

## II. Plaintiff has not shown a likelihood of success on the merits

Plaintiff argues it is likely to succeed on the merits of its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with prospective economic advantage. (*See* Dkt. No. 2 at 9-10.) The Court disagrees. Plaintiff alleges Defendant's freeze is unlawful because it violates a Deposit Agreement, which states:

> **"Freezing" Your Account and Delayed Transactions**
>
> We may, in our sole discretion and with or without notice to you, delay, decline, cancel or reverse your orders, transactions or instructions, and otherwise restrict or freeze some or all of the funds in any of your accounts. For example, we may do this if:
>
> > Your account is involved in a legal or administrative proceeding; […]
> > To comply with law or legal process; or
> > We reasonably believe that doing so will help avoid a loss to you or to us.

(Dkt. No. 2-2 at 31.) Plaintiff asserts Defendant breached the agreement and the implied covenant of good faith and fair dealing because Defendant's freeze was conducted pursuant to an invalid Restraining Notice issued pursuant to New York state law. (Dkt. No. 2 at 8-10.)

Plaintiff has not met its burden to show a likelihood of succeeding on its claims. The Deposit Agreement expressly provides Defendant has the "sole discretion" to freeze the funds in Plaintiff's account "if" Plaintiff's account "is involved in a legal […] proceeding," "[t]o comply with … legal process," and to "avoid a loss to you or us." (Dkt. No. 2-2 at 31.) Plaintiff has not shown Defendant unlawfully exercised its discretion with respect to those contractual provisions.

United States District Court
Northern District of California

Plaintiff's assertion the Notice is "void" under New York's "separate-entity rule" is unavailing. The record supports a finding the Notice was served to a department that processes legal orders, (*see id.* at 50), as opposed to a "branch" of Bank of America with "assets held in accounts at that branch." *See Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y. 3d 149, 158–59 (2014). Plaintiff does not cite any case that suggests service of the Notice on a department that processes legal orders renders the Notice invalid such that the recipient of the Notice cannot, in its discretion, comply with the Notice. *See id.* at 158 (addressing whether the separate entity rule precludes restraints on assets "held in foreign branches of [a] bank"); *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, Ltd.*, 612 F. Supp. 3d 321, 331–34 (S.D.N.Y. 2020) (addressing whether to vacate its own order for attachment of assets, not contract claims against a bank); *Baltazar v. Houslanger & Associates, PLLC*, 2018 WL 3941943, at *11 (E.D.N.Y. Aug. 16, 2018) (addressing claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692); *Lease Fin. Grp., LLC v. Fiske*, 46 Misc. 3d 841, 843–44 (N.Y. Civ. Ct. 2014) (addressing a judgment debtor's claim of exemption); *Limonium Mar., S.A. v. Mizushima Marinera, S.A.*, 961 F. Supp. 600, 605–08 (S.D.N.Y. 1997) (addressing a motion to vacate attachments to assets).

The only case Plaintiff cites in which a plaintiff alleged a bank breached a contract by complying with a Restraining Notice issued to an out-of-state bank account demonstrates Plaintiff's claims lack of merit. There, the court dismissed the contract claims, holding "the Deposit Agreement, which expressly authorized [the bank] to honor the restraining order […] precludes plaintiff's claims" against the bank. *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 273–74 (E.D.N.Y. 2011). Here, too, the Deposit Agreement expressly authorizes Defendant to freeze Plaintiff's account if the account is involved in a legal proceeding, which it is as a result of the Restraining Notice. The Agreement also expressly authorizes a freeze to comply with legal process, and the bank was served with legal process. So, Plaintiff has not shown it is likely to succeed on its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, or tortious interference with prospective economic advantage.

Accordingly, Plaintiff has not shown a likelihood of success on the merits.

//

United States District Court
Northern District of California

### III. Subject Matter Jurisdiction and Venue

The Court is satisfied that the amount in controversy is satisfied based on Plaintiff's damages demand. However, there remains an issue as to venue. Plaintiff contends venue is proper under 28 U.S.C. § 1391(b)(1) (a civil action may be brought in "a judicial district in which any defendant resides"). But "[f]or all venue purposes," a corporation resides in a district only if it "is subject to the court's personal jurisdiction *with respect to the civil action in question*." *Id.* § 1391(c)(2) (emphasis added). Given Plaintiff alleges "Bank of America's main office is in Charlotte, North Carolina" (Dkt. No. 1 ¶ 1) and at the hearing withdrew its allegation Bank of America is headquartered in San Francisco, California, Bank of America is not subject to general jurisdiction in California. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding a national bank is a citizen "of the State in which its main office, as set forth in its articles of association, is located"). And given none the conduct at issue occurred in California, it appears Bank of America is also not subject to specific personal jurisdiction in California.

## CONCLUSION

As explained above, the Court denies Plaintiff's motion for a temporary restraining order. Plaintiff has not met its burden to show it has suffered irreparable harm or is likely to succeed on the merits. The Court sets a case management conference for September 30, 2026 at 2:00 p.m. via Zoom video. A joint case management conference statement is due one week in advance and should address whether Plaintiff intends to move for preliminary injunction. The statement should also address whether Defendant intends to contest personal jurisdiction and/or venue.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge